UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CV-1564 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SUSAN M. HICKS, et al., | |
| Defendant(s). | |

Presently before the court is the United States of America's ("the government") motion for default judgment against defendant Susan M. Hicks ("defendant"). (ECF No. 9). Defendant has not filed a response, and the time to do so has passed.

**I.  Background**

The instant action arises from defendant's failure to file income tax returns or pay tax on her income in 2011 and 2012. (ECF No. 9 at 2). The IRS sent her statutory notices of deficiency, and defendant did not petition the U.S. Tax Court. *Id.* Pursuant to 26 U.S.C. § 6020(b), the IRS made income tax assessments against defendant, which remain unpaid. *Id.*

The government filed the instant action against defendant on August 20, 2018. (ECF No. 1). The government seeks to reduce its tax assessments against defendant to a judgment and foreclose on the federal tax liens against her home located at 4338 Cobblehill Way, North Las Vegas, Nevada 89032. *Id.* Defendant never responded, the government moved for entry of clerk's default, and the clerk entered default on December 10, 2019. (ECF Nos. 7; 8).

The government now moves for default judgment. (ECF No. 9).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

## III. Discussion

After considering the *Eitel* factors, the court finds good cause to grant plaintiff's motion for default judgment. Plaintiff will be prejudiced if default judgment is not entered, as plaintiff will be left without any legal remedy to recover defendant's tax assessments. *See Eitel*, 782 F.2d at 1471–72. Further, there is no possibility of a dispute concerning the material facts of this case, as the record clearly indicated that defendant failed to file a tax return or otherwise pay taxes in 2011 and 2012, she remains liable for the income tax assessments for those years, and she has failed to file an answer contesting the government's claims. *See id.* There is no indication in the record that defendant's continued default is due to excusable neglect. *See id.*

Thus, all that remains is to determine what amount to award. Under 26 U.S.C. § 7402(a), the government is entitled to reduce federal tax assessments to judgment. Although the

government bears the burden of proof in a tax-collection action, evidence of tax assessments "establish[] a prima facie case." *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990).

Here, the government certifies its assessments against defendant by providing two Form 4340s. (ECF Nos. 9-2; 9-3). These forms lay the necessary foundation and give the assessments a "presumption of correctness." *See United States v. Janis*, 428 U.S. 433, 440 (1976). Accordingly, the court accepts the government's representation that "[t]he current balance of these assessments, for all of the tax types and tax periods at issue, is $74,564.56 as of December 31, 2019." (ECF No. 9 at 8). Further, the government is entitled by statute to collect statutory additions, including interest and certain penalties. 26 U.S.C. §§ 6601(a), 6621, 6622(a), 6651, 6654.

In light of the foregoing, the court will enter default judgment in the amount of $74,564.56 in favor of the government and against defendant. The court will also assess the interest, penalties, and statutory additions against defendant.

The government also asks the court to order the judicial foreclosure of defendant's home. The government notes that "[b]y operation of law, federal tax liens arose in favor of the United States at the time of assessment and attached to all property of [defendant] pursuant to 26 U.S.C. §§ 6321 and 6322." (ECF No. 9 at 9). The government perfected these liens when it recorded a notice of federal tax lien on October 20, 2015. (ECF Nos. 1 at 4; 9 at 9). Thus, the government is entitled to foreclose in its liens.

The government represents that it will file a proposed order of foreclosure and decree of sale setting forth the terms and conditions of the sale of the property

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion for default judgment (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter default judgment in favor of the government pursuant to 26 U.S.C. § 7402 in the amount of $74,564.56, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621,

**James C. Mahan**
**U.S. District Judge**

which will accrue from December 31, 2019 until judgment is paid, less any applicable credits and payments.

IT IS FURTHER ORDERED that the government shall submit its proposed order of foreclosure and decree of sale setting forth the terms and conditions of sale of the property on or before January 6, 2020.

DATED December 23, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -