RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ALEXANDER E. STEVKO (CA Bar No. 301359)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:   202-307-6484
Fax:   202-307-0054
Email: Alexander.Stevko@usdoj.gov

Of Counsel:
BLAINE WELSH
Civil Division Chief
U.S. Attorney's Office
District of Nevada
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cv-01564-JCM-NJK |
| Plaintiff, | |
| v. | ORDER OF FORECLOSURE AND DECREE OF SALE |
| SUSAN M. HICKS; and CLARK COUNTY NEVADA, | |
| Defendants. | |

The Court, having entered judgment against defendant Susan Hicks pursuant to 26 U.S.C. §§ 7402 and 7403, hereby orders as follows:

1. Susan Hicks is indebted to the United States for unpaid income tax assessments for tax years 2011 and 2012, plus interest and statutory additions, which will continue to accrue until paid. On December 23, 2019, the Court entered judgment in favor of the United States against Susan Hicks in the amount of $74,564.56, plus interest and statutory additions accruing from December 31, 2019 until paid, for her unpaid federal income tax liabilities for tax years 2011 and 2012.

1

2. The parcel of real property on which foreclosure is sought (the "Property") is located at 4338 Cobblehill Way, North Las Vegas, Nevada 89032. The APN is 139-07-113-002, and the legal description is:

> LOT THIRTY (3) IN BLOCK SIX (6) OF SILVER MESA-UNIT 8 AS SHOWN BY MAP THEREOF ON FILE IN BOOK 47, OF PLATS, PAGE 22 IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

3. On December 23, 2019, the Court entered judgment in favor of the United States and against Susan Hicks, recognizing that tax liens arising due to the unpaid tax assessments referenced in paragraph 1 above attach to the Property.

4. Section 7403 of the Internal Revenue Code entitles the United States to enforce its liens against the Property in order to apply the proceeds to the tax liabilities of Susan Hicks.

5. Clark County, Nevada has stipulated to the foreclosure of the federal tax liens on the Property (Doc. 5) as long as the proceeds of the sale are distributed, after compensating the United States for its costs and expenses of the sale, first to Clark County to satisfy any existing liens it may have on the Property for unpaid real property taxes or special assessments.

6. The United States' federal tax liens against the Property are hereby foreclosed. The United States Marshal for the District of Nevada, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property, free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or PALS to carry out the sale under this Order of Foreclosure and Decree of Sale and shall make the arrangements for any sale as set forth in this Order.

7. The United States Marshal for the District of Nevada, his/her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other

person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

8. The terms and conditions of the sale shall be:

    a. Except as otherwise stated herein, the sale of the Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

    b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c. The sale shall be held at the courthouse of the borough or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

    d. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Clark County, Nevada and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate. State law notice requirements for foreclosures or execution sales do not apply to this sale under federal law. The notice shall contain a description of the Property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

    e. The minimum bid will be set by the Internal Revenue Service for the Property. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

    f. The successful bidder for the Property shall be required to deposit at the time of the same with the Marshal, his/her representative, or a PALS a minimum of ten

percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the District of Nevada. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

  g. The balance of the purchase price for the Property is to be paid to the Marshal, his/her representative, or a PALS (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Nevada. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the tax liabilities of Susan Hicks at issue herein. The Property shall be offered again for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash.

  h. The sale of the Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within thirty (30) days from the date of receipt of the balance of the purchase price.

  i. Upon confirmation of the sale, the Marshal or PALS shall promptly execute and deliver a deed of judicial sale conveying the Property to the purchaser.

  j. Upon confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is

ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state law shall not apply to this sale under federal law.

    k.    Upon confirmation of the sale, the purchaser shall have the Clark County Clerk and Recorder record the transfer of the Property upon that District's register of title.

9. Until the Property is sold, Susan Hicks shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. They shall neither commit waste against the Property nor cause nor permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

10. All persons occupying the Property shall leave and vacate the Property permanently within thirty (30) days of the date of this Order, taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a PALS. Specifically, the Marshal is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Susan Hicks, and any occupants. To accomplish

this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the Internal Revenue Service, or its designee. No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

11. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

12. The Marshal, his/her representative, or a PALS shall deposit the amount paid by the purchaser into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following partial order of preference until these expenses and liens are satisfied:

    a. First to the IRS, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Property pending sale and confirmation by the Court;

b. Second, to Clark County, for any and all liens it may have on the Property for unpaid real property taxes or special assessments at the time of the sale;

c. Third, to the United States, for the amount of the remaining proceeds after the first and second priorities are paid, up to the amount of the outstanding balance of the judgment entered against Susan Hicks;

d. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**It is so ordered.**

Dated January 6, 2020.

UNITED STATES DISTRICT JUDGE

Submitted by:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Alexander Stevko*
ALEXANDER STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (v)
202-307-0054 (f)
Alexander.Stevko@usdoj.gov

Of Counsel:
BLAINE WELSH
Civil Division Chief
U.S. Attorney's Office
District of Nevada
*Attorneys for United States*

# CERTIFICATE OF SERVICE

I certify that on this 2nd day of January, 2020, I electronically filed the foregoing Proposed Order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Lisa Logsdon
> Clark County District Attorney, Civil Division
> Lisa.logsdon@clarkcountyda.com
> *Attorney for Clark County, Nevada*

I also certify that on the same date I have mailed copies of the same documents by United States Postal Service to the following non-CM/ECF participant:

> Susan M. Hicks
> 4338 Cobblehill Way
> North Las Vegas, NV 89032
> *Defendant*

> */s/ Alexander E. Stevko*
> ALEXANDER E. STEVKO
> Trial Attorney, Tax Division
> U.S. Department of Justice